UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON DALE SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>Defendants. | Case No. C26-6107-LK-MLP<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL |

Plaintiff Jason Sullivan is currently in custody at the Clark County Jail in Vancouver, Washington. He filed this civil rights action *pro se* and *in forma pauperis*. Plaintiff alleges in this action three claims arising out of his arrest and prosecution in Clark County Superior Court and a claim relating to the conditions of his confinement at the Clark County Jail. (*See* dkt. # 4.) This matter is currently before the Court for consideration of Plaintiff's application for court-appointed counsel. (Dkt. # 5.)

Plaintiff is advised that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*,

745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff does not explain in his application why he believes appointment of counsel is appropriate in this case, he merely indicates that he does not have the resources to seek an attorney because he is currently incarcerated. (*See* dkt. # 5 at 2.) Applying the standard set forth above, the Court observes that though it has determined Plaintiff's complaint is deficient and must be amended if he wishes to proceed with this action, Plaintiff gives no indication that he lacks the ability to articulate his claims *pro se*. As for Plaintiff's likelihood of success on the merits of his claims, the record is not yet sufficiently developed for this Court to make such a determination. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant appointment of counsel.

Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff's application for court-appointed counsel (dkt. # 5) is DENIED.

(2) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Lauren King.

DATED this 16th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge