UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON DALE SULLIVAN,<br>Plaintiff,<br>v.<br>STATE OF WASHINGTON, *et al.*,<br>Defendants. | Case No. C26-6107-LK-MLP<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

## I. INTRODUCTION

Plaintiff Jason Sullivan is currently confined at the Clark County Jail ("the Jail") in Vancouver, Washington, pursuant to criminal charges pending against him in Clark County Superior Court. (*See* dkt. # 4.) He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he asserts claims related to his criminal proceedings and to the conditions of his confinement at the Jail. (*See id.*) The Court has now screened Plaintiff's proposed complaint in accordance with 28 U.S.C. § 1915A(a) and has identified deficiencies Plaintiff must correct if he wishes to proceed with this action. The Court therefore declines to direct that Plaintiff's proposed complaint be served but grants him leave to file an amended complaint curing the deficiencies identified below.

## II. DISCUSSION

### A. Claims

Plaintiff sets forth four claims in his proposed complaint, three arising out of his arrest and state court criminal proceedings, and one arising out of the conditions of his confinement at the Jail. (Dkt. # 4.) Plaintiff alleges in the first count of his proposed complaint that he was the victim in the incident that gave rise to the criminal charges against him. (*Id*. at 4.) Plaintiff asserts that he was assaulted by three individuals who claimed to be victims, one of whom called 911, but he was the one who got arrested. (*Id.* at 4-5.) Plaintiff further asserts that he told a responding officer that a camera mounted on a travel trailer near where the assault occurred had recorded the whole incident, and that the video footage was available on an SD card, but the officer "blew [him] off" and failed to collect the evidence. (*Id*. at 5.) Plaintiff also appears to assert that the probable cause statement prepared two days after his arrest contained incomplete and/or inaccurate information. (*Id.*) Plaintiff claims that he is being wrongfully detained because the Vancouver Police Department ignored his statements regarding possible evidence, destroyed and/or left evidence behind, and omitted the names of the assailants from the probable cause statement. (*Id*.)

Plaintiff alleges in his second count that his Fourth Amendment rights were violated when law enforcement continued to search his property after the firearm that was described to them had been found, apparently resulting in the discovery of additional firearms. (Dkt. # 4 at 6.) Plaintiff maintains that the weapons that were found were either inoperable or unknown to him, while also suggesting that he was not aware his right to possess firearms had not been restored following a felony conviction over twenty years ago. (*See id*. at 6-7.) Finally, Plaintiff asserts that law enforcement did damage to his house and travel trailer during the search. (*See id.*)

Plaintiff alleges in his third count that he was not timely arraigned on the charges filed against him, his right to counsel was violated when he did not receive counsel until twenty days after he was initially detained, and his speedy trial rights were violated when his case was set over against his wishes and without his knowledge. (Dkt. # 4 at 7.) Petitioner further alleges in his third count that the attorney appointed to represent him in his criminal case has done nothing he has asked her to do and is trying to convince him to take a deal, despite his insistence that he was the victim of the crime with which he is charged. (*Id*. at 10.)

Finally, Plaintiff alleges in his fourth count that the Jail is filthy, overcrowded, and fails to provide adequate medical care to inmates. (Dkt. # 4 at 8-9.)

Plaintiff identifies the State of Washington, the Clark County Superior Court, the Vancouver Police Department, and the Jail as defendants in his complaint. (*See* dkt. # 4 at 1, 3.) Plaintiff requests relief in the form of "justice and fair treatment," and he seeks "compensation for being jailed when my rights . . . have been violated." (*Id.* at 11.)

**B. Legal Standards**

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's

jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he or she was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dept. of Soc. Servs. of Cty. of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its

deliberate conduct, was the "moving force" behind the injury alleged. *Bryan Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at 694).

**C. Deficiencies**

*1. Defendants*

Plaintiff identifies the State of Washington as a defendant in this action. However, the United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982). Accordingly, the State of Washington is not subject to suit in this action.

Plaintiff also identifies the Clark County Superior Court and the Jail as defendants in this action. However, neither the Superior Court nor the Jail is a viable defendant here. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (Wash. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."). Plaintiff may pursue a claim against Clark County should he deem it appropriate to do so, but this will require Plaintiff to identify the County as a defendant in his pleading, identify the custom or policy of the County that he intends to challenge, and set forth clear and specific facts demonstrating that the challenged custom or policy caused him constitutional harm.

Finally, Plaintiff identifies the Vancouver Police Department as a defendant. While the City of Vancouver is a legal entity which is suable under § 1983, *see Monell*, 436 U.S. at 691, police departments are generally not considered suable entities separate from the city itself, *see*

*West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1400 n.1 (2d Cir. 1996); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Because the Vancouver Police Department is not a legal entity subject to suit under § 1983, Plaintiff may not proceed against the police department in this action.

2. *Younger Abstention*

The first three counts of Plaintiff's proposed complaint assert claims that appear to relate to his ongoing criminal proceedings. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Here, Plaintiff is a pre-trial detainee with ongoing state criminal proceedings, and those proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Plaintiff alleges no facts demonstrating that he could not bring his

constitutional claims in state court. Finally, it appears that the claims asserted by Plaintiff, if considered here, could effectively enjoin the ongoing state judicial proceeding as they pertain to the validity of Plaintiff's arrest, the admissibility of evidence, and the adequacy of the representation he is receiving. For these reasons, *Younger* abstention appears to apply to the claims asserted in the first, second and third counts of Plaintiff's proposed complaint and, thus, those claims may not proceed at this time.

*3. Conditions of Confinement*

In the fourth count of his complaint, Plaintiff challenges the conditions of his confinement at the Jail. A pretrial detainee's challenge to the conditions of his confinement is evaluated under an objective deliberate indifference standard. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded to medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015), and *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)).

To establish a Fourteenth Amendment claim, a plaintiff must demonstrate that: (1) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious"; and (4) by not taking such measures, the defendant caused plaintiff injury. *Gordon*, 888 F.3d at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Castro*, 833 F.3d at 1071

(quoted sources omitted)). A "mere lack of due care" does not suffice to establish a constitutional violation. *Id.* Thus, a pretrial detainee "must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Id.*

The facts alleged by Plaintiff in relation to his fourth count are too vague and conclusory to adequately state a claim for relief. The Court observes that Plaintiff makes general references to the Jail, corrections officers, and the medical staff as those responsible for the challenged conditions. However, as noted above, the inquiry into causation in an action brought under § 1983 must be individualized and must focus on the duties and responsibilities of each individual defendant. *See Leer*, 844 F.2d at 633. This requires that Plaintiff first identify the specific individuals responsible for the conditions he seeks to challenge and then set forth clear and specific facts demonstrating that each named individual engaged in conduct that violated Plaintiff's federal constitutional rights under the standard set forth above.

## III. CONCLUSION

Because of the deficiencies identified above, the Court declines to direct that Plaintiff's complaint be served. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)).

Thus, any amended complaint must clearly identify each intended defendant, the constitutional claim(s) asserted against each defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable Lauren King.

DATED this 16th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge